STATE, EX REL. FRED J. SCHROEDER, APPELLEE, V. ARTHUR J. SWANSON ET AL., APPELLANTS.

FILED JUNE 29, 1931. No. 27894.

*Butler & James,* for appellants.

*Cordeal, Colfer & Russell* and *Fred J. Schroeder, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

ROSE, J.

This is an application by Fred J. Schroeder, relator, for a peremptory writ of mandamus directing the county commissioners of Frontier county, respondents, to approve an official bond tendered by him for the purpose of qualifying him to hold over as county attorney. The writ was allowed and respondents appealed.

November 2, 1926, relator was elected county attorney of Frontier county for the term of four years and until his successor should be elected and qualified. In due time he qualified according to law for the term beginning January 6, 1927, and entered upon and performed the duties of his office. At the general election November 4, 1930, Floyd Hall was elected county attorney of Frontier county for the term beginning January 8, 1931, and received his certificate of election, but he died December 3, 1930, without having taken the oath of office or having executed the official bond required by statute. Relator, claiming the right to hold over during the term for which Hall had been elected executed and filed in the office of the county clerk January 12, 1931, an oath of office and an official bond and demanded the approval of the bond. January 7, 1931, respondents, assuming there was a vacancy in the office of county attorney, appointed John S. Van Auken to fill it, and he promptly executed and filed an oath of office and a sufficient official bond, which respondents ap-

proved, but they refused to approve the official bond tendered by relator, though it was sufficient as to form, amount and sureties, giving as the reason for their refusal that it contains the recital: "Fred J. Schroeder holds over for the term of four (4) years beginning January 8, 1931, and ending January 3, 1935, or until his successor is duly elected or appointed, and qualified." The writ allowed by the district court directed respondents to approve relator's bond. Was it their duty to do so?

The facts are stipulated to be as outlined in the foregoing statement. Beginning with the general election in 1928, the law provides for the election of a county attorney every four years. Comp. St. 1929, sec. 32-209. The following statutory provision applies to that officer:

"Every officer elected or appointed for a fixed term shall hold office until his successor is elected or appointed, and qualified." Comp. St. 1929, sec. 32-222.

The term of office of the county attorney is therefore four years and "until his successor is elected or appointed, and qualified." It is not limited to four years, if his successor is not elected or appointed, and qualified. The election and acceptance of a certificate of election do not make an elected candidate for county attorney an officer or qualify him as such. Qualification by taking an oath of office and executing an official bond is essential. The death of an elected candidate for county attorney who never entered upon the duties of the office or qualified therefor by taking an oath and giving a bond does not create a vacancy, where there is a duly qualified incumbent who qualifies anew and whose term of office does not expire "until his successor is elected or appointed, and qualified." In such a contingency the period for which the incumbent holds over is part of the term for which he was elected. The right of relator to hold over depended upon compliance with the following statutory terms:

"When it is ascertained that the incumbent of an office holds over by reason of the nonelection or nonappointment

of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified." Comp. St. 1929, sec. 12-117.

Not having qualified, or entered upon the duties of the office, the death of Hall after he was elected and before the beginning of the regular term did not create a vacancy. Relator, within the time fixed by law, qualified anew for the purpose of holding over and thus prevented expiration of his term at the end of four years. There was therefore no vacancy for respondents to fill January 7, 1931, and it was their duty to approve the official bond tendered by relator. While respondents' appointee is not a party to this proceeding, and title to the office is not triable in mandamus, relator, in view of the stipulated facts and the controlling statutes, made a *prima facie* case for the allowance of the writ.

AFFIRMED.